**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No.  24-cr-350-LLA** |
| | : | |
| **JOHN RAYMOND CONNER, III** | : | |
| | : | |
| **Defendant.** | : | |

## RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR RULE 15 DEPOSITION

Defendant John Raymond Conner, III ("Mr. Conner"), by and through his counsel, Michael E. Lawlor, and Brennan, McKenna & Lawlor, Chtd., respectfully submits the following response in opposition to the Government's Motion for Rule 15 Deposition (ECF No. 74).

### I.    Background

On January 29, 2025, the Government filed an eighteen-count Superseding Indictment charging Mr. Conner with offenses including first-degree sexual abuse while armed (with aggravating circumstances), kidnapping while armed, assault with a dangerous weapon, blackmail, failure to register as a sex offender, and commission of a crime of violence while failing to register as a sex offender. (ECF No. 35.) The alleged offenses relate to three time periods, two of which overlap: August 24, 2009 (alleged sexual assault of A.B.; Counts 1 and 2); April 17, 2023

1

(alleged sexual assault and kidnapping of A.S. while also having failed to register as a sex offender; Counts 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18); and September 1, 2022 through February 13, 2024 (failure to register as a sex offender; Count 12). As relevant for the Government's Motion, the Government alleges that on April 17, 2023, Mr. Conner sexually assaulted A.S. at knifepoint at her apartment. (Gov. Detention Memorandum, ECF No. 7 at 8.) The Government further alleges that Mr. Conner and A.S. were acquaintances and that Mr. Conner had come to her apartment on the date at issue so that she could cut his hair. The Government also alleges that A.S. identified Mr. Conner as her assailant. In its investigation into the April 17, 2023 allegations, the Government collected materials for potential DNA testing. The Government sent those items, as well as a swab containing a standard for Mr. Conner, to Bode Technology, a private laboratory that conducts DNA testing. As relevant here, Ms. Oluwakemi Sowemimo, a forensic scientist, performed amplification processing of DNA samples related to the April 17, 2023 allegations.

On May 28, 2026, the Court issued an Amended Pretrial Scheduling Order. (ECF No. 72.) The Government is due to make Rule 16 expert disclosures by August 10, 2026. Mr. Conner is due to file substantive motions by August 25, 2026 and motions *in limine* by September 21, 2026. Jury selection will begin on October 26, 2026. On June 9, 2026, the Government filed a Motion for Rule 15 Deposition. In its Motion, the Government seeks an order from this Court scheduling a recorded

2

(audio and video) in-court deposition of Ms. Sowemimo to occur prior to July 30, 2026. The Government represents that Ms. Sowemimo is a Nigerian citizen who is returning to Nigeria on or about August 6, 2026 and who may face difficulties returning to the United States to testify at trial because of visa restrictions. For the reasons set forth below and those to be presented at any hearing, the Court should deny the Government's Motion.

## II.    Legal Standard

As Judge Bates of this Court has noted,

> In criminal cases, depositions may be taken only "to preserve testimony for trial" and "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). Here, the government bears the burden of showing that "exceptional circumstances" require the preservation of [a witnesses'] testimony through a deposition. *See United States v. Kelley*, 36 F.3d 1118, 1124-25 (D.C. Cir. 1994). "The decision to grant or deny a motion to take a deposition rests within the sound discretion of the trial court." *United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984) (citation omitted). The government here must show (1) that [the witness] will be unavailable to testify at trial, and (2) that her testimony would be material. *Kelley*, 36 F.3d at 1125.

*United States v. Binh Tang Vo*, 53 F. Supp. 3d 77, 80 (D.D.C. 2014). In this case, the Government has not met its burden. Moreover, a Rule 15 deposition under the circumstances presented in the Government's Motion raises significant concerns that could threaten Mr. Conner's constitutional rights. The Court should deny the Motion.

3

## III.    Materiality

The Government cannot satisfy the Rule 15 materiality standard with respect to Ms. Sowemimo's testimony. The Government's Motion does not provide a detailed recitation of the work that Ms. Sowemino performed. Instead, the Government states merely that Ms. Sowemimo performed "amplification procedures." (ECF No. 74 at 3.) The Government does not explain the meaning of amplification or provide a declaration from an expert to elucidate the role that amplification plays in DNA analysis and probabilistic genotyping. Neither Mr. Conner nor the Court is responsible for filling in the gaps in the factual basis of the Government's Motion.

Moreover, with respect to the April 17, 2023 allegations, the Government's proffered DNA testimony appears to be "corroborative or cumulative of other evidence," in contravention of the Rule 15 materiality standard. *Binh Tang Vo*, 53 F. Supp. 3d at 82 (internal quotation and citation omitted). While the Government's August 2009 allegations related to A.B. concern a sexual assault committed by a person unknown to the alleged victim, with respect to A.S., the Government alleges that she and Mr. Conner were acquainted and that A.S. invited Mr. Conner into her home. The Government further represents that A.S. has identified Mr. Conner as the person who allegedly sexually assaulted her. DNA evidence will not show whether a sexual assault occurred. Instead, based on the materials provided in discovery, it

appears that the Government will attempt to present DNA evidence to *corroborate* A.S.'s allegation that sexual *contact* took place. The Government has made no effort to explain why the proffered testimony, in light of all of the other evidence the Government likely intends to introduce concerning the April 17, 2023 allegations (including surveillance footage, social media materials, SANE examiner testimony, and the testimony of A.S.), nonetheless satisfies the materiality standard. The Government's failure to provide this context renders its materiality analysis undeveloped and insufficient. Accordingly, the Court should deny the Motion.

## IV.   Unavailability

Additionally, the Government has not met its burden to show that Ms. Sowemimo is unavailable to testify at trial. The Government's unavailability argument is based in part on speculation. The Government states that Ms. Sowemimo, who currently works for Bode and lives in Virginia, is a Nigerian citizen who will be relocating to Nigeria in August 2026. The Government further represents that Ms. Sowemimo has informed the Government that she *may* face difficulty obtaining a visa to return to the United States to testify at trial because of certain visa restrictions. The Government provided a link to the website of the United States Embassy in Nigeria. The webpage contains a notice that as of January 21, 2026, the State Department has paused all immigrant visa issuances to nationals of certain countries, including Nigeria. Additionally, the notice states that under

Presidential Proclamation 10998, "the United States is suspending or limiting entry and visa issuance to nationals of 39 countries." According to a White House website, Nigeria is among the 39 countries at issue in the Proclamation.

Notably, the Government has not alleged that Ms. Sowemimo is unwilling to travel to the United States to testify at trial. Nor has the Government argued that there is some other reason (for example, a medical condition) that would prevent Ms. Sowemimo's safe travel to the United States. Instead, the Government's concern is based on the potential application of immigration and border control policies. In sum, one executive branch agency (the DOJ) argues that other executive branch officials *may* bar Ms. Sowemimo from entering the country to testify at trial, not because of any concern directed at Ms. Sowemimo herself, but because of purely political reasons targeting all nationals of a certain country. The Government cannot be permitted to render its own witness unavailable on such unsupported grounds and then argue that the Court should contravene the normal procedures for a criminal trial, which include live testimony and confrontation before a jury.

This case is far different from the circumstances at issue in *Binh Tang Vo*, 53 F. Supp. 3d 77. In that case, the Government sought to present at trial testimony from a co-defendant who had pled guilty and was set to finish serving her sentence before the trial date. Judge Bates found that the Government had met its burden to show unavailability where: (1) trial was set for September 2014 and the witness was set to

be released from the custody of the Bureau of Prisons in July 2014; (2) the witness had no legal status in the United States and was subject to an immigration detainer; (3) the witness' counsel indicated that the witness would not be contesting her removal to Vietnam; and (4) as a result of her status as a convicted criminal, the witness, even if she wanted to return to testify, would likely have trouble re-entering the United States.[1]

Here, Ms. Sowemimo is not incarcerated. Counsel is not aware of any criminal convictions in Ms. Sowemimo's background. The Government has not represented that Ms. Sowemimo is under an order of removal from the United States. Ms. Sowemimo clearly has some form of legal status as she is currently employed in the United States. Any difficulty in returning to the United States would not be due to any conduct on Ms. Sowemimo's part but instead on the potential application of a recent political decision by the same branch of government that is prosecuting Mr. Conner. To the extent the Government wishes to avoid the possible consequences for this case caused by these political decisions, the Government may issue Ms. Sowemimo a visa. Critically, the Government has not stated whether and to what

---

[1] In another case, Judge Moss found that the Government had established unavailability under Rule 15 where the witness, a foreign national located in France, "personally and definitively told [prosecutors] that she is unwilling to come to the United States to testify[.]" *United States v. Trabelsi*, No. 06-cr-89 (RDM), 2023 U.S. Dist. LEXIS 114666, at *12 (D.D.C. Apr. 25, 2023). These circumstances are not present here.

extent it has investigated the possibility of securing approval for Ms. Sowemimo to reenter the country after her planned departure. Alternatively, Ms. Sowemimo could delay her departure from the United States until after the trial. The Government's Motion reveals no circumstances that would make any such delay impossible.

The Government's Motion does not provide much detail about the political circumstances that may pose a barrier to Ms. Sowemimo's reentry to the United States after her anticipated departure. Mr. Conner has not received discovery about the policy. However, these circumstances could raise significant due process and equal protection concerns in this criminal case. For example, if the recent political decision not to issue visas to nationals of certain countries (including law abiding individuals who, like Ms. Sowemimo, have lived in the United States previously and have worked essentially as Government contractors) is based on invidious racial or religious discrimination, then Mr. Conner submits that the Constitution would not permit altering the bedrock principles of a criminal trial (live witness testimony before a jury subject to confrontation) to further those potentially discriminatory interests.[2] These concerns are not speculative. *C.f., Trump v. Hawaii*, 585 U.S. 667, 754 (2018) (Sotomayor, J., dissenting) ("By blindly accepting the Government's

---

[2] To be clear, counsel is *not* arguing that Government counsel in this case have engaged in anything approaching discriminatory conduct. Counsel's argument addresses the potential constitutional implications of the policy as they may bear on Ms. Sowemimo's ability to reenter the United States to testify in person at trial.

misguided invitation to sanction a discriminatory policy motivated by animosity toward a disfavored group, all in the name of a superficial claim of national security, the Court redeploys the same dangerous logic underlying *Korematsu* and merely replaces one gravely wrong decision with another.") (internal quotation omitted).

In sum, the Government has not demonstrated that Ms. Sowemimo is unavailable under Rule 15.[3]

**CONCLUSION**

For the reasons set forth above and those to be presented at any hearing, the Court should deny the Government's Motion for Rule 15 Deposition. .

---

[3] Additionally, Mr. Conner would be significantly prejudiced if he is required to cross-examine Ms. Sowemimo before the Government has completed its Rule 16 expert disclosures, which are due on August 10. DNA analysis is a highly technical and specialized field. While the Government has provided Bode Technology records, Mr. Conner does not have a disclosure as to Ms. Sowemimo that complies with all of the requirements of Rule 16(a)(1)(G)(iii). Counsel must also review the Rule 16 disclosures for all other DNA experts the Government would seek to call in order to prepare the cross-examination here. In this public filing, counsel cannot articulate matters of confidential defense strategy. However, trial witnesses do not testify in a vacuum. Counsel must prepare based on the anticipated evidence at the trial as whole. Moreover, Mr. Conner requests all Jencks and *Giglio* materials for Ms. Sowemimo.

Respectfully submitted,

_____/s/_____
Michael E. Lawlor
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of June, 2026, the foregoing was served on all parties via ECF.

_____/s/_____
Michael E. Lawlor

10